825 F.2d 502
 263 U.S.App.D.C. 365
 MATSON NAVIGATION COMPANY, INC., Appellant,
v.
UNITED STATES of America, et al.
PUERTO RICO MARITIME SHIPPING AUTHORITY, Appellant,
v.
Elizabeth Hanford DOLE, Secretary of Transportation, et al.
 Nos. 85-5927, 85-6004.
 United States Court of Appeals, District of Columbia Circuit.
 Argued Sept. 11, 1986.
Decided Aug. 7, 1987.
 
 Allan Abbot Tuttle, with whom Michael D. Esch, Washington, D.C., was on brief, for appellant, Matson Navigation Co., Inc., in No. 85-5927.
 Amy Loeserman Klein, with whom William E. Cohen, Washington, D.C., was on brief, for appellant, Puerto Rico Maritime Shipping Authority, in No. 85-6004.
 Michael J. Ryan, Asst. U.S. Atty., with whom Joseph E. diGenova, U.S. Atty., Royce C. Lamberth, R. Craig Lawrence, Asst. U.S. Attys., James F. Ford and Kenneth N. Weinstein, Attys., Dept. of Transp., Washington, D.C., were on brief, for appellees, U.S., et al., in Nos. 85-5927 and 85-6004. John H.E. Bayly, Jr. and Douglas J. Behr, Asst. U.S. Attys., Washington, D.C., also entered appearances for appellees, U.S., et al.
 Mark P. Schlefer, with whom Michael Joseph, Thomas L. Mills and Donald M. Squires, Washington, D.C., were on brief, for appellees, Aeron Marine Shipping Co., et al., in Nos. 85-5927 and 85-6004.
 Before WALD, Chief Judge, MIKVA, Circuit Judge and LEIGHTON,* Senior District Judge.
 Opinion PER CURIAM.
 
 PER CURIAM:
 
 1
 The substance of the controversy in these appeals is the grant of permission by the Secretary of Transportation to Aeron Marine Shipping Co. (Aeron) to be affiliated with Acadian Marine Company (Acadian) which was to own and operate the vessel ATLANTIC SPIRIT in the domestic trade. Permission was necessary because Aeron, during the relevant period of time, was a subsidized operator of merchant marine vessels in the foreign trade. Section 805(a) of the Merchant Marine Act, 1936, as amended, required Aeron to obtain permission before it could continue to receive operating subsidies and also be affiliated with Acadian in the operation of a vessel in the domestic trade. 46 U.S.C. Sec. 1223(a). At the time permission was requested Acadian was half owned by a limited partnership (the Berger Group) under common control with Aeron and half owned by a subsidiary of the Crowley Maritime Corporation (Crowley).
 
 
 2
 On May 7, 1987, with the agreement of Aeron, Acadian sold the ATLANTIC SPIRIT to a wholly-owned subsidiary of Crowley. As a result, Acadian no longer owns or operates a vessel in the domestic trade. Further, in connection with the sale, the Berger Group, which includes Aeron, has consented to the termination of the Sec. 805(a) permission granted by the Secretary of Transportation. We are informed by the Berger Group that the new owner of the vessel has no "affiliation with a recipient of subsidy," and, therefore, no Sec. 805(a) permission is required.
 
 
 3
 Since Acadian has voluntarily sold its ownership interest in the ATLANTIC SPIRIT, the specific subject matter of the controversy between the parties no longer exists due to these changed circumstances; the issue presented in these appeals--the grant of permission for Aeron's affiliation with a company doing business in the domestic trade--is no longer of importance between the parties.
 
 
 4
 Changed circumstances resulting from the voluntary cessation of allegedly illegal conduct render a case moot and jurisdiction abates if it is shown that (1) there is no reasonable expectation the action complained of will recur; and (2) the action's effects are completely and irrevocably eradicated. County of Los Angeles v. Davis, 440 U.S. 625, 631, 99 S.Ct. 1379, 1383, 59 L.Ed.2d 642 (1979). Both of these showings are made in this case.
 
 
 5
 First, there is nothing in the record to indicate that Aeron will again apply for permission to be affiliated with a company operating a vessel in the domestic trade. Moreover, even if, as appellants suggest, Aeron and Crowley are "associated" within the meaning of Sec. 805, by way of their co-ownership of two bulk carriers, and thus require a grant of permission for their association (because Crowley now owns the ATLANTIC SPIRIT which does business in the domestic trade), the extent of the "association" differs from Aeron's "affiliation" with Acadian. If Aeron requires permission to associate with Crowley, it must apply to the Secretary of Transportation for such permission. If permission is granted, that decision will then be reviewable.
 
 
 6
 Second, because Aeron has consented to termination of the Sec. 805 permission at issue, the effects of the decision on review are eradicated. The proper course for this court to take is to vacate the decision below with directions to the district court that it dismiss the appeals from the Secretary's opinion and order of December 17, 1984, see United States v. Munsingwear, Inc., 340 U.S. 36, 40, 71 S.Ct. 104, 107, 95 L.Ed. 36 (1950); see also A.L. Mechling Barge Lines Inc. v. United States, 368 U.S. 324, 329, 82 S.Ct. 337, 340, 7 L.Ed.2d 317 (1961); the effects of the grant will thus be completely and irrevocably eradicated.
 
 
 7
 Finally, this case cannot be classified as one "capable of repetition, yet evading review" and thereby avoid mootness. See Southern Pacific Terminal Co. v. I.C.C., 219 U.S. 498, 515, 31 S.Ct. 279, 283, 55 L.Ed. 310 (1911). That doctrine applies only where the challenged action is too short in duration to be fully litigated prior to its cessation or expiration. E.g., Weinstein v. Bradford, 423 U.S. 147, 149, 96 S.Ct. 347, 348, 46 L.Ed.2d 350 (1975). The kind of action at issue in this case--the grant of permission to affiliate--usually remains in effect for a period of time sufficiently long to allow review.
 
 
 8
 For these reasons, these consolidated appeals are moot. The judgment of the district court, 619 F.Supp. 312, is vacated, and the case is remanded to that court with directions that it dismiss the appeals from the Secretary's opinion and order of December 17, 1984.
 
 
 9
 It is so ordered.
 
 
 
 *
 Of the United States District Court for the Northern District of Illinois, sitting by designation pursuant to 28 U.S.C. Sec. 294(d)